DELBELLO DONNELLAN WEINGARTEN  *Hearing Date: April 26, 2018*
WISE & WIEDERKEHR, LLP  *Hearing Time: 10:00 a.m.*
*Attorneys for the Debtor*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Jonathan S. Pasternak, Esq.
Julie Cvek Curley, Esq

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

                         Chapter 11
NORFOLK STREET MANAGEMENT LLC,     Case No. 18-10113 (JLG)

                       Debtor.
-----------------------------------------------------------X

## DEBTOR'S MOTION FOR ORDER VOLUNTARILY DISMISSING THE DEBTOR'S CHAPTER 11 CASE PURSUANT TO 11 U.S.C. §1112(b)(1)

**TO:    THE HONORABLE JAMES L. GARRITY,
         UNITED STATES BANKRUPTCY JUDGE:**

Norfolk Street Management LLC, the above-captioned debtor (the "Debtor"), by its attorneys, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, files this motion ("Motion") for entry of an order voluntarily dismissing the Debtor's Chapter 11 case pursuant to §1112(b)(1) of Title 11 of the United States Code (the "Bankruptcy Code"). In support of the Motion, the Debtor respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for relief requested herein is §1112(b) of the Bankruptcy Code and Bankruptcy Rules 2004 and 3003(c)(3).

## BACKGROUND

3. On January 11, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

4. The Debtor is a real estate development company with a .01% interest in NSM82 LLC, which is the deeded owner of the improved real property located in New York, New York (the "Property"). Under NSM82 LLC's operating agreement, the Debtor is the managing member of NSM82 LLC and also has a right to 50% of the "profits"[1], if any, of NSM82 LLC.

5. The Debtor was formed in 2014, as was NSM82 LLC. NSM82 LLC acquired the Property, and the Debtor's role was to develop the Property. The Property was purchased on May 29, 2014 and, at the time, was a five (5) floor building, with a doctor's office on the first floor, and residential apartments above.

---

[1] The Debtor testified at the Debtor's 341A meeting held on March 6, 2018 that a profit distribution to the Debtor would only occur if all the members in NSM82 LLC were first paid in full on account of their membership interests. In light of the current value and offers made, there appears no likelihood that the Debtor will ever be entitled to any profit.

2

6. During 2014 and through 2015, the Debtor redeveloped the Property into an expansive and elegant townhouse offering over 7,300 square feet of living space, 5 bedrooms plus staff rooming, 6 bathrooms and 3 powder rooms over 7 levels.

7. The original loans with matured (after consensual extensions) on December 1, 2016. Thereafter, on or about September 12, 2016, NSM82 LLC refinanced with Atlas Union Corp. ("Atlas") in order to avoid an acceleration of the loans with the original lender while the Property was being marketed for sale. NSM82 LLC entered into a Consolidated Amended and Restated Promissory Note (the "$11.5 Million Note") in the amount of $11,500,000, with Atlas, and related documents, which $11.5 Million Note was secured by a Consolidated, Amended and Restated Mortgage on the Property. The related documents include a Pledge and Security Agreement by the Debtor in favor of Atlas pledging, *inter alia*, the Debtor's .01% membership interest in NSM82 LLC and all dividends therefrom.

8. According to a recent payoff letter provided by Atlas, the balance owed as of February 15, 2018 was $13,913,016.34 with a per diem rate of $7,561.64.

9. The $11.5 Million Note became due and payable on September 1, 2017. On or about December 12, 2017, Atlas commenced a foreclosure action before the Supreme Court of the State of New York, New York County under Index No. 850289/2017 (the "Foreclosure Action").

10. In addition to the Foreclosure Action, Atlas served a Notice of Public Sale of LLC Interests with a scheduled sale on January 18, 2018 at 3:30 p.m. The Debtor attempted to negotiate an extension of the sale date, given that a refinance of the $11.5 Million Note is imminent, but was unable to come to terms with Atlas.

11. Accordingly, in order to protect the interests of the investors in the Property from the potentially hostile efforts of Atlas, the Debtor sought the protections of chapter 11 on January

3

17, 2018. If Atlas had foreclosed on the Debtor's pledge of its interests in NSM82 LLC, Atlas could have hypothetically gained control over the management of NSM82 LLC and used the leverage to possibly acquire the Property for well below the market value. The Debtor's suspicions of Atlas's motives were not unreasonable or unfounded. In fact, subsequent to the commencement of this Chapter 11 Case, Atlas still proceeded with its auction sale on the additional personal pledges of (i) a 10% membership interest in NSM82 LLC, and (ii) a 100% membership interests in the Debtor both pledged by the guarantor. Prior to the commencement of those auction sales, the Debtor advised Atlas that it was the Debtor's position that those sales were a violation of Section 362(a)(3) of the Bankruptcy Code in that they were an attempt by Atlas to "end run" the automatic stay by gaining dominion and control over the Debtor's operations and assets. Nonetheless, on January 18, 2018, Atlas proceeded to attempt to foreclose on the pledged personal membership interests in both NSM82 LLC and the Debtor, reinforcing the Debtor's suspicions of Atlas's intentions.

12. During the Chapter 11 case to date, the Debtor has continuously made efforts to expedite either a refinance or sale of the Property.

13. As the Court is aware, on January 30, 2018, Atlas filed a motion seeking relief from the automatic stay (the "Lift Stay Motion"). The Court conducted a preliminary hearing on the Lift Stay Motion on March 15, 2018.

14. As represented to the Court at the hearing on the Lift Stay Motion, the Debtor has suffered much negative stigma and fallout from the filings of this Chapter 11 case and, in light of the fact it is confident the Property will be sold in the near future in an amount to, *inter alia*, satisfy all of Atlas' secured claims, the Debtor wishes to avoid the further cost, risk and stigma attributable to the Chapter 11 case and therefore seeks a voluntary dismissal of the Chapter 11 case pursuant to Section 1112(b) of the Bankruptcy Code.

**BASIS FOR RELIEF SOUGHT**

15. The Court is authorized to dismiss a Chapter 11 case pursuant to §1112(b)(1) of the Bankruptcy Code, which provides that the Court may dismiss a Chapter 11 case provided that the movant establishes "cause".

16. The Debtor asserts that cause exists and dismissal is appropriate because, *inter alia*, the Debtor has no operations and the Debtor has no free assets to administer.

17. In light of the hopeful pending sale of the Property and the *de minimus* nature and value of the Debtor's assets, no further purpose would be served keeping the Debtor in bankruptcy under either Chapter 11 or 7.

18. Moreover, converting the case to Chapter 7 would add a layer of administrative expenses that would likely be unrecoverable and would therefore be to the detriment of the Debtor's estate.

**CONCLUSION**

19. Based upon the foregoing, the Debtor respectfully submits that dismissal is both appropriate and warranted under §1112(b) of the Bankruptcy Code.

20. As a condition to dismissal, the Debtor will (a) file any outstanding operating reports, (b) pay any outstanding US Trustee fees within ten (10) days of the dismissal and (c) consent to a prohibition against re-filing for bankruptcy for a period of 150 days from entry of the dismissal order.

21. A proposed order consistent with the foregoing conditions is annexed hereto as Exhibit "A".

22. No prior application for the relief requested herein has been made.

**WHEREFORE,** the Debtor requests that the Court enter an order dismissing the Debtor's Chapter 11 proceeding, together with such other and further relief as is just and proper.

Dated: White Plains, New York
March 30, 2018

DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Attorneys for the Debtor*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200

By: */s/ Jonathan S. Pasternak*
Jonathan S. Pasternak